J-S47037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICAH D. HEPLER | |
| Appellant | No. 2241 MDA 2015 |

Appeal from the PCRA Order November 20, 2015
In the Court of Common Pleas of Northumberland County
Criminal Division at No(s): CP-49-CR-0000392-2006

BEFORE:  SHOGAN, J., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED JUNE 22, 2016**

Micah D. Hepler appeals *pro se* from the trial court's order denying his Post Conviction Relief Act[1] (PCRA) petition.  We affirm.

On February 2, 2007, Hepler entered a guilty plea to aggravated assault and resisting arrest.[2]  On April 30, 2007, he was sentenced to 5-10 years' imprisonment on the assault charge, with a concurrent term of 7-24 months on the resisting arrest charge.  The court imposed a deadly weapons enhancement to Hepler's sentence, **see** 18 Pa.C.S. § 2301, and he was sentenced to a mandatory minimum sentence pursuant to 42 Pa.C.S. § 9712.  No direct appeal was filed.

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 2702(a)(1); 18 Pa.C.S. § 5104.

On August 18, 2015, Hepler filed the instant *pro se* PCRA petition. On August 25, 2015, the trial court appointed PCRA counsel to represent Hepler. *See* Pa.R.Crim.P. 904(a) (defendant has absolute right to counsel on first PCRA petition). On September 25, 2015, appointed counsel filed a petition to withdraw pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).[3] The court sent Hepler Pa.R.Crim.P. 907 notice of its intent to dismiss his petition as untimely on October 15, 2015. On November 13, 2015, Hepler filed a *pro se* motion to stay the court's disposition of his PCRA petition based on a "new case that is to be heard on similar issues." *Pro Se Motion to Stay and Hold in Abeyance*, 11/13/15, at 1. On November 20, 2015, the court granted counsel's petition to withdraw, dismissed Hepler's petition without a hearing, and denied Hepler's motion for stay.

This appeal follows, in which Hepler raises the following issues for our consideration:

> (1) Did the PCRA court abuse its discretion when it upheld unconstitutionally imposed sentences upon appellant that have been deemed unconstitutional by the high state and federal courts despite the new rulings being substantive rule changes requiring retroactive applications, this also leaving all prior counsel ineffective for failing to object or further a claim on appellant's behalf?

---

[3] In his petition, counsel states that he carefully considered the matter, does not believe that there is merit to Hepler's petition and that, in fact, the petition is frivolous. He also states that he has sent Hepler a "no merit" letter and attached a *Turner/Finley* no merit letter to the petition. *See* Motion for Leave to Withdraw as Counsel, 9/25/15.

(2)   Did the PCRA court abuse its discretion when it denied appellant's PCRA hearing motion to stay and hold in abeyance pending a ruling in the state supreme court concerning the retroactivity of *Alleyne v. United States*[,133 S. Ct. 2151 (2013)]?

The standard of review of an order denying a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Johnston*, 42 A.3d 1120, 1126 (Pa. Super. 2012).

Before we address the merits of Hepler's claims on appeal, we must determine whether his petition was timely filed. Generally, a petition for PCRA relief, including a second or subsequent petition, must be filed within one year of the date the judgment is final. *See* 42 Pa.C.S. § 9545(b)(3); *see also Commonwealth v. Alcorn*, 703 A.2d 1054 (Pa. Super. 1997). There are, however, exceptions to the time requirement, set forth at 42 Pa.C.S. § 9545(b). Where the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, the petition will be considered timely. *Id.* These exceptions include interference by government officials in the presentation of the claim, after-discovered facts or evidence, and an after-recognized constitutional right. 42 Pa.C.S. § 9545(b)(1)(ii)-(iii). A PCRA petition invoking one of these exceptions must "be filed within 60 days of the date the claims could have been presented." *Id.* at (b)(2). The timeliness requirements of the PCRA are jurisdictional in

- 3 -

nature and, accordingly, a PCRA court cannot hear untimely petitions. ***Commonwealth v. Robinson***, 837 A.2d 1157 (Pa. 2003).

Instantly, Hepler filed his PCRA petition on August 18, 2015. Hepler's judgment of sentence became final, for purposes of the PCRA, on May 30, 2007, after the time expired for him to file a direct appeal. Therefore, in order to be timely under the PCRA, Hepler would have had to have filed his petition by May 30, 2008. Accordingly, Hepler's petition is facially untimely. However, we must determine whether Hepler has pled and proven an exception to the PCRA time bar.

Instantly, Hepler does not allege any section 9545(b)(1) exception. Rather, his illegal sentence claim is predicated upon the holding of the United States Supreme Court's decision, ***Alleyne***, ***supra***. In ***Alleyne***, the Supreme Court held that "facts that increase mandatory minimum sentences must be submitted to the jury" and must be found beyond a reasonable doubt. ***Id.*** at 2163. A challenge to a sentence premised upon ***Alleyne*** implicates the legality of the sentence. ***Commonwealth v. Newman***, 99 A.3d 86, 90 (Pa. Super. 2014) (en banc). While legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto. ***See*** 42 Pa.C.S. § 9543(a)(2)(vii).

Despite the fact that section 9712 has been declared unconstitutional,[4] Hepler is not entitled to relief in his untimely PCRA petition. In *Commonwealth v. Miller*, 102 A.3d 988 (Pa. Super. 2014), the defendant also filed an untimely PCRA petition raising the claim that his mandatory minimum sentence was illegal. To overcome the untimeliness of his petition, the defendant unsuccessfully argued that *Alleyne* announced a new constitutional right under the PCRA that applies retroactively. Additionally, the Court found meritless the defendant's allegation that his illegal sentence claim was not waivable on appeal where "in order for th[e] Court to review a legality of sentence claim, there must be a basis for [its] jurisdiction." *Id.* at 995. Finally, the *Miller* Court held that *Alleyne* is not to be applied retroactively to cases in which the judgment of sentence had become final. *Id.*

Similar to the defendant in *Miller*, Hepler raises a legality of sentence claim predicated on the holding of *Alleyne* and an unconstitutional mandatory minimum statute. Because Hepler's petition is facially untimely, because he does not allege and prove an exception to the timeliness requirements of the PCRA, and because *Alleyne* does not apply retroactively to cases on collateral review, *Miller*, *supra*, he is not entitled to relief.

---

[4] *See Commonwealth v. Valentine*, 101 A.3d 801 (Pa. Super. 2013).

Therefore, the trial court properly concluded that Hepler's untimely PCRA petition should be dismissed. **Johnston**, **supra**.

Having found no merit to Hepler's underlying claim that his sentence is illegal under **Alleyne**, we cannot deem counsel ineffective. **Commonwealth v. Spotz**, 47 A.3d 63, 76 (Pa. 2012) (to prevail on ineffectiveness claim, petitioner must plead and prove, by a preponderance of the evidence, among other elements, that underlying legal claim has arguable merit).

Finally, Hepler claims that the court abused its discretion by denying him a hearing on his petition and by not granting his motion to stay the disposition of his petition until the Pennsylvania Supreme Court decides a case in which it recently granted allowance of appeal.

Pursuant to Pa.R.Crim.P. 908, a judge shall order a hearing on a PCRA petition "when the petition . . . raises any material issues of fact." However, where, as here, the court is "satisfied from [a review of the petition and any answer by the Commonwealth or other matters of record] that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief," the court may dismiss the petition without a hearing after giving the defendant proper notice of its intention to dismiss. Pa.R.Crim.P. 908(1). Accordingly, Hepler was not entitled to a hearing.

Finally, we find no merit to Hepler's claim that the PCRA court should have stayed his case pending the Pennsylvania Supreme Court's decision in

*Commonwealth v. Barnes*, 122 A.3d 1034 (Pa. 2015), in which he claims the Supreme Court is going to determine "if retroactivity concerning *Alleyne* should be applied in regards to Pennsylvania cases and if a claim concerning sentences in Pennsylvania is nonwaivable." Appellant's Brief, at 9. We note that the Supreme Court granted allowance of appeal in *Barnes*, limited to the following issues:

> (1) Whether a challenge to a sentence pursuant to *Alleyne v. United States*, 133 S.Ct. 2151 (2013), implicates the legality of the sentence and is therefore non-waivable.

> (2) Whether contemporaneous convictions of possession with intent to deliver, pursuant to 35 Pa.C.S. § 780-113, and possession of a firearm prohibited, pursuant to 18 Pa.C.S. § 6105, allow application of the mandatory minimum sentence found at 42 Pa.C.S. § 9712.1 in light of our decision in *Commonwealth v. Hopkins*, ___ A.3d ___, 2015 Pa.LEXIS 1282 (decided June 15, 2015).

*Barnes*, *supra*. Because neither of these issues is relevant to Hepler's collateral appeal, nor would they afford him any relief on his petition, his claim is meritless.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/22/2016